█ HERBERT H. MESSING, Appellant, v. NATIONWIDE MUTUAL INSURANCE Co. et al., Respondents.— Order unanimously reversed, with costs, motion for summary judgment granted and matter remanded to Supreme Court, Niagara County to ascertain damages. Memorandum: Plaintiff-appellant brought this action against defendants-respondents Nationwide Mutual Insurance Company (Nationwide) and its agent Noblin to recover damages for the theft of his automobile. Respondent Nationwide in its answer admitted that it has issued

a policy of insurance to appellant covering his vehicle for various contingencies including theft, but asserted a separate defense claiming cancellation of the comprehensive coverage prior to the theft. Special Term denied appellant's motion for summary judgment on the ground that the answer presented questions of fact. The correctness of this determination turns solely on the question of the legal sufficiency of the notice of cancellation. The comprehensive policy was issued on February 20, 1971. The purported cancellation notice is dated July 12, 1971 and was signed by Nationwide's agent, respondent Noblin. It stated that it was "Cancellation of Comprehensive coverage" and contained the following message: "Dear Mr. Messing: As requested by the Nationwide underwriter, the ACV Comprehensive coverage is deleted from your above numbered policy effective 8-2-71. As explained to Mrs. Messing, this coverage is available on a $100 deductible basis via the N. Y. Auto. Assigned Risk Plan." Appellant bottoms his demand for summary judgment on the failure of the cancellation notice to comply with section 167-a of the Insurance Law, effective January 1, 1969, which is the applicable statute. Amendments to this section, which became effective September 1, 1971, are inapplicable, for the cancellation notice was dated July 12, 1971. Chapter 771 of the Laws of 1968 provides in pertinent part that no notice of cancellation shall be effective to cancel the comprehensive portion of the policy unless the insured has "written notice stating the specific reason or reasons relied upon by it for its action [cancellation]". The notice at bar is barren of any reason whatsoever, stating simply "As requested by the Nationwide underwriter". As a matter of law the notice was clearly defective and presents no triable issue. "Cancellation notices must be mailed in strict accordance with the applicable statutes * * * and must contain all information required by the statute. (*Matter of Otterbein* v. *Babor & Comeau Co.*, 272 N. Y. 149; *B. & B. Trucking* v. *Home Fire & Mar. Ins. Co.*, 125 Misc. 312, 314, affd. 216 App. Div. 710, affd. 243 N. Y. 558; 3 Richards, Insurance [5th ed.], § 531, p. 1761; 30 N. Y. Jur., Insurance, § 730, pp. 79–80.) Literal compliance with the provisions of the policy and statutes is the rule and any ambiguity in language is strictly construed against the insurer. (29 N. Y. Jur., Insurance, § 270, p. 258; *B. & B. Trucking* v. *Home Fire & Mar. Ins. Co.*, *supra*; *National Factors* v. *Waters*, 42 Misc 2d 822, 829; *Monette* v. *Nationwide Mut. Ins. Co.*, 230 N. Y. S. 2d 939.) " (*Government Employees Ins.* v. *Mizell*, 36 A D 2d 452, 453–454). The order should be reversed and summary judgment granted appellant. The amount of appellant's recovery, however, cannot be determined from the record before us and requires proof. The portion of the policy covering loss by theft limits the assured's recovery to the actual cash value of the vehicle at the time of the theft. Appellant's bill of particulars recites that his automobile had at the time of theft a cash value of $4,000 plus $495 for "equipment added". The complaint demands $4,300 and the answer denies that this is the amount of appellant's damage. We, therefore, remand the case to Supreme Court of Niagara County for the sole purpose of ascertaining the proper amount for which appellant shall have judgment. (Appeal from order of Niagara Special Term denying motion for summary judgment in action on insurance policy.) Present — Goldman, P. J., Moule, Simons and Henry, JJ.