(April 15, 1985)

■ ALLSTATE INSURANCE COMPANY, Respondent, v LIBERTY MU-
TUAL INSURANCE COMPANY, Appellant.

On December 22, 1980, Richard Harin filled out an applica-
tion to receive assigned risk coverage for his previously regis-
tered automobile. The temporary New York State insurance
identification card (FS 75) issued to him on that date contained
the following language: "If vehicle is already registered — The
coverage becomes effective in accordance with the rules of the
New York Automobile Insurance Plan. Such effective date to be
indicated on the Notice of Assignment to be mailed to the
Applicant by the Plan".

On January 1, 1981, Harin was involved in an accident with
Janet Gonzalez, who was insured by plaintiff Allstate Insurance
Company. On January 9, 1981, defendant received Harin's ap-
plication from the New York Automobile Insurance Plan (here-
inafter the Plan) and the notice of assignment mailed to Harin
indicated an effective coverage date of January 9, 1981.

Special Term incorrectly concluded that defendant's coverage
of Harin commenced on December 22, 1980. The FS 75 form
received by Harin on December 22, 1980 specifically referred to
the rules of the Plan to ascertain the effective date of coverage.
New York Automobile Insurance Plan § 11 (B) (1) provides: "The
liability coverages requested shall be effective as of 12:01 A.M.
on the day of receipt of the request in the office of the insurer
unless the request was submitted by certified mail".

There is no claim that the request was submitted by certified
mail, or that it was received on any date other than January 9,
1981. Nothing contained in New York Automobile Insurance
Plan § 11 (F) is to the contrary. Mollen, P. J., Mangano, Thomp-
son and O'Connor, JJ., concur.