■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v YUNG SHIK NA et al., Respondents and Third-Party Petitioners-Appellants. FIREMAN'S FUND COMPANY OF NEWARK et al., Third-Party Respondents-Respondents.—In a proceeding and cross proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner, State Farm Mutual Automobile Insurance Company, and the third-party petitioners, Yung Shik Na, Kyoung Ja Na, Sang Ye Na, Suk Kon Pae and Joo-Han Pae, separately appeal, as limited by their notices of appeal and joint brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Durante, J.), dated February 5, 1985, as denied the petition to stay arbitration, and, in effect, dismissed the cross proceeding to direct Fireman's Fund Company of Newark to defend and indemnify its insured, Benedetta Cottone.

Ordered that the order and judgment are affirmed insofar as appealed from, with costs.

The only issue on appeal is whether the cancellation of the third-party respondent Benedetta Cottone's automobile insurance policy by the third-party respondent Fireman's Fund Company of Newark (hereinafter Fireman's Fund) on a date prior to the accident in question complied with all applicable statutes and was thus effective. We agree with the Supreme Court that it was.

The fact that a copy of the notice of nonrenewal sent by Fireman's Fund to Cottone was not retained in the files of

Fireman's Fund's central offices, but only in the files of the individual agent or underwriter who issued the policy was not fatal to the effectiveness of the notice. Although Vehicle and Traffic Law § 313 (1) (b) states that "[e]very insurer shall retain a copy of the notice of termination * * * and shall retain the certificate of mailing", this court has held in *Matter of Allstate Ins. Co. v Peruche* (100 AD2d 935, 936) that the failure of the insurance company to retain a certificate of mailing will not invalidate the effectiveness of a notice of termination, "but [will] only relegate the insurer to common-law proof to establish timely cancellation". We believe that this same principle likewise applies when it is the notice of nonrenewal which is not retained. Accordingly, we find that the record contains ample evidence that Fireman's Fund met its burden of establishing timely nonrenewal of the policy by common-law proof.

Similarly, Insurance Law § 3425 (d) (1), which applies to notices of nonrenewal, states that "[t]he specific reason or reasons for nonrenewal" shall be stated in the notice. The notice in question lists two accidents and two convictions, giving their specific dates and naming the source of this information, as well as stating that the "[a]gent no longer represents our companies", as reasons for nonrenewal. These reasons clearly qualify as "specific" reasons under Insurance Law § 3425 (d) (1), and we reject the petitioner's argument that this provision was not complied with because Fireman's Fund presented no proof that the events on which it based the nonrenewal actually took place. We can find no requirement, either in the statute or in case law, that an insurer has the initial burden of coming forward with proof of the veracity of the stated reasons for nonrenewal. Rather, we agree with the court that in the *absence* of any evidence *negating the veracity* of the stated reasons for nonrenewal, Fireman's Fund complied with Insurance Law § 3425 (d) (1) by simply stating such specific reasons in the notice of nonrenewal *(cf. Nassau Ins. Co. v Hernandez,* 65 AD2d 551).

We have reviewed petitioner's other claims and find them to be without merit. Mangano, J. P., Brown, Rubin and Spatt, JJ., concur.