■ JOAN B. TENNENBAUM et al., as Conservators for IRVING TENNENBAUM, Respondents, v INSURANCE CORPORATION OF IRELAND, LTD., et al., Appellants.

The plaintiffs acquired $150,000 in insurance coverage on a vacant, one-story building, which was formerly operated as a nursery school, from the defendant insurance companies, Insurance Corporation of Ireland, Ltd., Bryanston Insurance Co., Ltd. and Ennia Insurance Co. (U.K.) Ltd. The policies were obtained by the defendant broker Doyle, Milone, Applebaum and Stillman Inc. ("DMAS") through the defendant London Service Office, Ltd. R.J. Saex acted as the insurance agent for the insurance companies. The policies were to run from November 9, 1984 through February 9, 1985 and insured the property against damage or loss through fire.

On the application for insurance, in response to a question asking the prospective insured to describe the general condition of the building, the plaintiff Halpert wrote "Good". Based on an adverse inspection report, however, Saex notified the plaintiffs that the policy was cancelled effective January 30, 1985 for "Underwriting Reasons (Adverse Inspection Report)". The inspection report indicated that "UPON ENTRANCE TO THE BUILDING, WE FOUND SEVERE VANDALISM, APPARENTLY, THERE HAVE BEEN BREAK INS OVER THE PAST SEVERAL MONTHS. WINDOWS ARE BROKEN, THERE ARE HOLES IN THE WALLS. THERE IS WATER DAMAGE, GRAFFITI AND MINOR FIRE DAMAGE ON THE INTERIOR FROM SQUATTER FIRES. THE BUILDING THEREFORE, IS IN POOR CONDITION AND WE EXPECT THAT BREAK INS AND DAMAGE WILL CONTINUE, UNLESS THE INSUREDS TAKE SOME FURTHER ACTION." DMAS sent a copy of the cancellation notice to London Service.

After a fire substantially damaged the building on February 5, 1985, the plaintiffs reported the loss to London Service which did not forward notice of the claim to Saex or to the insurance companies. The plaintiffs thereafter commenced this action against the insurance companies to recover under the policies. They then commenced an action against the brokers, contending that if they could not recover from the insurance companies because the companies did not receive timely notice of the loss, they were entitled to recover the $150,000 claim from the brokers.

The defendant insurance companies moved for summary

judgment dismissing the complaint based upon the cancellation of the policies. London Service and DMAS cross moved for summary judgment on the grounds that they did not have a duty to give notice of any claimed loss because the policies had been cancelled, and even if the policies had not been validly cancelled, the insurance companies were estopped from disclaiming coverage on the basis of late notice once they repudiated liability on the ground that the policies ceased to exist. The Supreme Court denied the motion and cross motions for summary judgment and the defendants appealed.

We agree with the defendants that the policies were validly cancelled in accordance with the New York Amendatory Cancellation and Non-Renewal Endorsement. In place of the cancellation provisions of the policies which were all stamped "void", the New York Amendatory Cancellation and Non-Renewal Endorsement was annexed. This Endorsement provided, in pertinent part, that the companies could cancel policies in effect for more than 60 days if: under section (II) (A) (2) (b), the companies discovered fraud or a material misrepresentation in obtaining the policies or in the presentation of a claim thereunder, or under section (II) (A) (2) (d), physical changes in the insured property occurred after the issuance of the policies which resulted in the property becoming uninsurable in accordance with the companies' objective, uniformly applied underwriting standards in effect at the time the policies were issued.

While the plaintiffs contend that the cancellation provisions of the endorsement apply to policies which provide insurance for residential rather than commercial property such as that insured by the plaintiffs, the unambiguous language of the endorsement indicates that residential property is the type of property exempted from the cancellation provisions.

The plaintiffs' further contention, that even if the cancellation provisions of the endorsement apply to their policies, the insurance companies failed to demonstrate their entitlement to cancel the policies under the endorsement, is without merit. On their application for insurance, the plaintiffs asserted that the condition of the building was "Good". However, upon inspection, it was discovered that either the plaintiffs misrepresented the true condition of the building, which had broken windows, holes in the walls, water damage, graffiti and minor fire damage, or physical changes in the premises had occurred increasing the likelihood of fire. The investigator's report, while hearsay, was admissible as a business record (CPLR 4518 [a]) and was unrebutted. The plaintiffs presented no

evidence to demonstrate that the inspection report was inaccurate and therefore, raised no triable issue of fact as to the condition of the building.

Nor can the plaintiffs' claim that their assertion in the application that the building was in good condition was an innocent mistake preclude the defendants' right to cancel the policies. An innocently made factual misrepresentation may serve to void an insurance contract if " 'knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract' (Insurance Law § 3105 [b])" *(Abulaynain v New York Merchant Bakers Mut. Fire Ins. Co.,* 128 AD2d 575, 576; *and see, Kulikowski v Roslyn Sav. Bank,* 121 AD2d 603, *lv dismissed* 69 NY2d 705, *rearg denied* 69 NY2d 900).

With respect to the brokers, since the cancellation of the policies was valid, there can be no liability for the failure to forward notice of the loss which occurred after the policies were cancelled.

In light of the foregoing, we do not reach the defendants' remaining contention. Accordingly, it was error to deny the defendants' motion and cross motions for summary judgment. Concur—Carro, J. P., Rosenberger, Wallach, Ross and Asch, JJ.