OPINION OF THE COURT
Memorandum.
Appeals from decisions dated July 11, 1991 and November 18, 1991 dismissed.
Judgment unanimously reversed without costs and matter remanded for new trial as to plaintiffs cause of action against defendants Gilot and Colonial Penn Insurance Company.
On June 8, 1989 plaintiff applied for liability insurance coverage for his newly acquired 1984 BMW to the New York Automobile Insurance Plan (NYAIP) through an independent broker, Josué Gilot, and paid a deposit to him. NYAIP assigned Colonial Penn Insurance Company (hereafter Penn) as the insurer, and Penn issued the liability policy on June 10, 1989. Plaintiff returned to Gilot’s office, allegedly on June 23, 1989, to enlarge the policy to include comprehensive property damage coverage and paid a deposit therefor. Gilot filled out and signed the NYAIP "Policy Change Request” and mailed it by regular mail to Penn, allegedly on June 24, the following day. The postmark date lists June as the month and "2” as the first digit of the date but is not definitive as to the second digit thereof. The policy change form received by Penn bears Penn’s rubber-stamp notation that it was received on June 30, 1989 and Penn issued coverage as of that day. The car had suffered a total loss two days earlier.
Penn denied coverage as to the June 28 damage to plaintiffs car. Plaintiff sued Gilot as well as Penn and Penn cross-claimed against Gilot. After trial by the court, judgment was granted for plaintiff against Penn only (thus mooting the issues of the cross claim). The court held that Penn, as the insurer already assigned to plaintiff by NYAIP for all insurance purposes, was obligated to extend requested comprehensive coverage to plaintiff as of the date he paid the broker, per Insurance Law § 2121 (a).
Section 11 (B) (3) of the Plan Rules of the NYAIP provides that an insured who desires to add physical damage coverage to his existent assigned-risk policy must submit the request to the assigned liability insurer. It then states: "All such requests shall be made in writing * * * and shall be accompanied by a check or money order payable to the assigned *629 liability insurer for the appropriate deposit * * * The physical damage coverage requested shall be effective as of 12:01 a.m. on the day of receipt of the request in the office of the insurer unless the request was submitted by certified mail”. Section 11 (G) states: "If the postmark is illegible, is a metered mail postmark, or if the request for coverage was not submitted by certified mail, the applied for coverage shall be effective 12:01 a.m. on the day of receipt of the request in the office of the insurer”. The court held that these rules are inconsistent with Insurance Law § 2121 (as amended in the 1984 recompilation of the Insurance Law) where applied to an insurer already assigned to the applicant, in which case coverage becomes effective when the insured paid the premium to the broker.
We disagree. We see nothing in the legislative history of Insurance Law § 2121 (a) (as part of the recodified 1984 Insurance Law) which indicates that the Legislature intended to effectuate immediate expanded coverage upon an applicant’s payment of the premium (or a deposit thereon) to his broker. We consider NYAIP Rules 11 (G) and 11 (B) (3) to be fair, rational and reasonably necessary to prevent the fraud of retroactive coverage (cf, Allstate Ins. Co. v Liberty Mut. Ins. Co., 110 AD2d 736).
Nevertheless, there remains an issue as to the date when the application for the expanded coverage was actually received by Penn. Since the court below did not dispose of the issue, and the judgment did not dispose of the cause of action by plaintiff against defendant Gilot, a new trial is required as to both defendants. We see no basis for retrying the cross claim by Penn against Gilot inasmuch as Penn would be liable to plaintiff only if the request form was received prior to the accident and it could not suffer any damages if Gilot had negligently failed to timely forward the form.
Scholnick, J. P., Aronin and Chetta, JJ., concur.