■ PORTOFINO RISTORANTE & CATERING, INC., et al., Respondents, v MICHIGAN MILLERS MUTUAL INSURANCE COMPANY, Appellant. [604 NYS2d 438] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: On October 14, 1991, an application to insure plaintiffs' premises was submitted to defendant. That application provided that the property was "fully sprinklered," that it had a full automatic Ansul extinguisher system on service contract, that there was an automatic shut-off on the fuel supply, and that all vents, hoods, ducts and floors were free of grease accumulation. On January 27, 1992, a loss control inspection was conducted on plaintiffs' premises. The loss control report stated that the premises were not completely covered by sprinklers, that the premises lacked a full Ansul fire protection system for the kitchen, that there was no automatic shut-off on the fuel supply, and that the kitchen grease filtration system was inadequate. Based on that report, on February 18, 1992, defendant sent plaintiffs a notice of cancellation effective March 19, 1992. The reason for cancellation was that there was a substantial increase in the nature and extent of the risk of loss beyond that which was contemplated at the time the policy was issued. Plaintiffs' premises were destroyed by fire on April 5, 1992.

Defendant moved for summary judgment based on the policy's cancellation prior to the loss. Plaintiffs, in opposition

to the motion, asserted that the procedure used by defendant in mailing the notice of cancellation and the reason set forth in the notice were inadequate. Supreme Court granted defendant partial summary judgment, concluding that defendant's mailing procedure was sufficient. Plaintiffs have not appealed from that portion of the order.

Defendant contends that the court erred in failing to grant its motion in its entirety on the ground that plaintiffs' policy of insurance had been cancelled before their premises were destroyed by fire. We agree. Defendant established that, contrary to the facts stated in the application for insurance, there were major deficiencies in the premises that did not meet defendant's underwriting guidelines and that constituted a material change in the nature and extent of the risk of loss beyond that contemplated by the parties. No evidence was submitted by plaintiffs to demonstrate that the loss control inspection report was inaccurate or that the new conditions did not materially change the nature and extent of the risk of loss. Rather, plaintiffs argued that there were no material changes in the premises between the time the policy of insurance was issued and the notice of cancellation. That argument, however, does not rebut defendant's showing that the conditions that existed at the time of the loss control inspection differed from those stated in the application for insurance and substantially increased defendant's risk of loss. Defendant was, therefore, entitled to summary judgment *(see, Tennenbaum v Insurance Corp.,* 179 AD2d 589, 591-592).

We further conclude that, although the reason set forth in defendant's notice of cancellation did not mirror Insurance Law § 3426 (c) (1) (E), it satisfied the requirements of the statute and provided plaintiffs with adequate notice of the reason for the cancellation. (Appeal from Order of Supreme Court, Oneida County, Parker, J.—Summary Judgment.) Present—Callahan, J. P., Green, Lawton, Boomer and Boehm, JJ.