■ ANNE KELLY, Individually and as Administratrix of the Estate of PATRICIA A. KELLY, Deceased, Plaintiff, v PAUL M. D'AMICO, Appellant, VERITAS VILLA, INC., Respondent, et al., Defendants. [610 NYS2d 582] —In an action to recover damages for medical malpractice, etc., the defendant Paul M. D'Amico appeals, (1) as limited by his brief, from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated June 12, 1992, as, upon in effect granting reargument, adhered to its prior determination dated February 5, 1992, granting the motion of the defendant Veritas Villa, Inc., for summary judgment dismissing the complaint insofar as it is asserted against it and all cross claims asserted against it, and (2) as limited by his notice of appeal and brief, from so much of a judgment of the same court, dated June 30, 1992, as is in favor of the defendant Veritas Villa, Inc., and against the plaintiff dismissing the complaint and all cross claims asserted against it by the appellant.

Ordered that the appeal from the order dated June 12, 1992, is dismissed; and it is further,

Ordered that the appeal from so much of the judgment as is in favor of the defendant Veritas Villa, Inc., and against the plaintiff dismissing the complaint insofar as it is asserted against it is dismissed since the appellant is not aggrieved thereby *(see, Hauser v North Rockland Cent. School Dist. No. 1,* 166 AD2d 553); and it is further,

Ordered that the judgment is reversed insofar as reviewed, on the law, and the branch of the motion of the defendant Veritas Villa, Inc., which is for summary judgment dismissing the cross claims asserted against it by the appellant is denied; and it is further,

Ordered that the orders dated June 12, 1992, and February 15, 1992, are amended accordingly; and it is further,

Ordered that the fourth decretal paragraph of the judgment is modified by adding thereto after the words "against Veritas Villa Inc." the words "except the cross claims asserted by the defendant Dr. Paul M. D'Amico"; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order dated June 12, 1992, must be dismissed because the right of direct appeal

therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The decedent, Patricia Anne Kelly was admitted to Veritas Villa, Inc. (hereafter Veritas Villa), for rehabilitation and counselling for substance abuse. During her stay at Veritas Villa, Dr. DeCanio treated her for stomach pains and sent her to Ellenville Community Hospital. The decedent returned to Veritas Villa and, during the remainder of her stay there, Dr. DeCanio treated her several times. Francis Dunn, a registered nurse, also attended to the decedent on several occasions. After her discharge from Veritas Villa, the decedent was admitted to Community Hospital of Brooklyn where, two days later, she died of acute pancreatitis.

The Supreme Court granted Veritas Villa's motion for summary judgment dismissing, *inter alia,* the appellant's cross claims against it. The Supreme Court held, *inter alia,* "[a]s to [the] defendant Veritas Villa's summary judgment motion, while it would seem that the status of Dr. DeCanio, regarding employment is at issue, it is evident that the care rendered by Veritas Villa, an alcohol treatment facility never rose to any patient-physician relationship with [the] plaintiff." We disagree.

The dismissal of the cross claims asserted by the appellant against the defendant Veritas Villa was inappropriate on this record. Indeed, as the Supreme Court conceded, with regard to the status of Dr. DeCanio and Nurse Dunn, there are some conflicts between the documentary evidence and the deposition testimony submitted by Veritas Villa. Furthermore, Veritas Villa has failed to demonstrate as a matter of law that it was not responsible for the treatment of the decedent by Dr. DeCanio and Nurse Dunn *(see generally, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Hill v St. Clare's Hosp.,* 67 NY2d 72, 81-82; *Mduba v Benedictine Hosp.,* 52 AD2d 450, 453; *accord, Finegold v Brooklyn Union Gas Co.,* 202 AD2d 469). Thompson, J. P., Rosenblatt, Ritter and Santucci, JJ., concur.