OPINION OF THE COURT
Howard Miller, J.
Motion by plaintiff for a preliminary injunction and cross motion by defendant for indemnification and other relief.
*22 It is ordered that the motion for a preliminary injunction is denied; the cross motion to vacate the restraining order contained in the June 27, 1995 order to show cause is granted and the restraining order vacated; the cross motion for an undertaking and sealing of the record in this case is denied; and the cross motion for indemnification is referred to the trial court.
Plaintiff brings this action pursuant to Insurance Law § 3426, alleging that defendant failed to properly terminate his policy of insurance, and seeks a preliminary injunction requiring defendant to continue his coverage for the period June 30, 1995 to June 30, 1996.
Plaintiff contracted with defendant for professional liability insurance commencing June 30, 1985, and was renewed annually through the June 30, 1994 to June 30, 1995 period. On March 21, 1995, defendant mailed plaintiff a notice of nonrenewal citing "Claims Experience” as the basis for nonrenewal. Plaintiff requested a hearing, which was held April 26, 1995. On April 28, 1995 defendant notified plaintiff that the review panel had decided not to renew plaintiff’s policy.
The issue before the court is whether defendant’s nonrenewal of plaintiff’s policy complies with Insurance Law § 3426, which requires that a notice of nonrenewal of a professional liability policy must be sent at least 60, but not more than 120 days, in advance of the expiration date of the policy, and contain the specific reason(s) for nonrenewal. Plaintiff contends that it did not because: (1) The requirement for a specific reason for nonrenewal is not met by checking off a box labeled "Claims Experience”; (2) The notice of nonrenewal was untimely; and (3) Letters dated March 14, 1995 and June 26, 1995 relating to a 5% premium reduction for attendance at a risk management program constituted an offer to renew the policy.
The notice of nonrenewal sent March 21, 1995, concededly received by plaintiff at the end of March 1995, was sent by defendant and received by plaintiff within the 60-day period prescribed by Insurance Law § 3426 (e) (3). The fact that a further letter was sent after the hearing requested by plaintiff, advising plaintiff of the review panel’s decision not to renew, does not vitiate the first notice timely sent on March 21, 1995.
Neither the March 14, 1995 nor June 26, 1995 letters were offers of renewal. The content of both letters is addressed solely *23 to a premium discount offered by plaintiff upon the completion of a five-hour seminar. No mention was made in either letter of the renewal of the policy, and there is no language which could be so constructed.
The stated reason for nonrenewal — "Claims Experience” — is a sufficiently specific description of the basis for nonrenewal. Plaintiff was entitled to make a written request for a further description of loss information (Insurance Law § 3426 [g] [2]) but apparently did not do so. Nevertheless, plaintiff did request and obtain a hearing before the review panel, although he contends that he received no claims information at that time. On June 28, 1995, plaintiff did receive a claims history report, despite the fact that he had not made a written request to the defendant therefor.
In order to prevail on a motion for a preliminary injunction, plaintiff must show (1) a likelihood of ultimate success on the merits; (2) irreparable injury; (3) a balancing of the equities (Shannon Stables Holding Co. v Bacon, 135 AD2d 804); and the absence of an adequate remedy at law (New York State Natl. Org. for Women v Terry, 886 F2d 1339, cert denied 495 US 947). A preliminary injunction will not be granted absent a clear showing of a right to such relief upon the undisputed facts presented (Zurich Depository Corp. v Gilenson, 121 AD2d 443; County of Orange v Lockey, 111 AD2d 896). Plaintiff has failed to demonstrate a likelihood of ultimate success on the merits and is not entitled to the preliminary injunction.