■ RICHARD FOGARTY, Respondent, v BOSTON OLD COLONY INSURANCE COMPANY et al., Appellants, et al., Defendant, and ALLSTATE INSURANCE COMPANY, Respondent. [635 NYS2d 647] —In an action for a judgment declaring, *inter alia,* that the defendants Boston Old Colony Insurance Company and Allstate Insurance Company have a duty to defend and indemnify the plaintiff in an underlying negligence action, the defendants Boston Old Colony Insurance Company and the New York Automobile Insurance Plan separately appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated June 30, 1994, which (1) denied their separate motions for summary judgment dismissing the complaint insofar as asserted against them, (2) granted the cross motion of the defendant Allstate Insurance Company for summary judgment dismissing the complaint insofar as asserted against it, and (3)

awarded the plaintiff summary judgment against the defendants Boston Old Colony Insurance Company and New York Automobile Insurance Plan declaring that Boston Old Colony Insurance Company had a duty to defend and indemnify the plaintiff in the underlying action.

Ordered that the order is affirmed, with one bill of costs.

In this action for a declaratory judgment, the plaintiff, Richard Fogarty, sought a declaration that either Boston Old Colony Insurance Company (hereinafter Boston) or Allstate Insurance Company (hereinafter Allstate) had a duty to defend and indemnify him as their insured in a pending action in which an injured party sought damages for personal injuries she sustained on October 16, 1981, as a result of being struck by the plaintiff's car.

The plaintiff's vehicle was insured by Allstate through October 15, 1981. Allstate claims that it properly canceled the insurance policy, effective 12:01 A.M. October 16, 1981, due to the plaintiff's failure to pay the insurance premium. The plaintiff's wife, Frances Fogarty, concedes that they received Allstate's cancellation notice "I assume * * * within a specified time that they give you" prior to October 15, 1981, and Allstate submitted a sample cancellation notice to prove it was in the proper form (see, Bullock v Hanover Ins. Co., 144 AD2d 416). The Supreme Court properly found that the common-law proof presented by Allstate with regard to its office practice was sufficient to establish that the notice of cancellation was properly mailed (see, Nassau Ins. Co. v Murray, 46 NY2d 828; Berrios v Lumbermens Mut. Cas. Co., 162 AD2d 365; Bullock v Hanover Ins. Co., supra; Matter of State Farm Mut. Auto. Ins. Co. v Yung Shik Na, 123 AD2d 873).

The plaintiff and Boston stipulated that the application for new insurance was mailed by certified mail on October 15, 1981, to the New York Automobile Insurance Plan.

It is well established that the Rules of the New York Automobile Insurance Plan "govern the rights and liabilities of parties entering into assigned risk contracts" (Matter of Bowley Assocs. v State of New York Ins. Dept., 98 AD2d 521, 526, affd 63 NY2d 982; Aetna Cas. & Sur. Co. v O'Connor, 8 NY2d 359, 363; Allstate Ins. Co. v Liberty Mut. Ins. Co., 110 AD2d 736; Augustin v Gilot, 158 Misc 2d 627, 629). Section 12 of the Rules of the New York Automobile Insurance Plan provides, in pertinent part, as follows:

*"If the application is submitted by certified mail, the envelope in which the application is transmitted to the office of the Plan must bear the post office receipt number of the certified*

*mailing. In such event, the Plan shall fix the effective date of coverage as of 12:01 A.M. of the day following the postmark of the transmittal envelope.*

"In the event the Plan cannot fix the effective date as of the postmark date of the certified mailing because the postmark is illegible, or is a metered mail postmark, and the insured or producer can establish proof of mailing by a properly postmarked receipt for certified mail, the coverage shall be effective 12:01 A.M. on the day following the postmark date as affixed by the United States Postal Service to the certified mail receipt. *All applications submitted by certified mail, in addition to affixing the certified mail receipt number to the outside of the transmittal envelope, must also affix such receipt number to the face of the application form"* (emphasis added).

We note that this language contrasts with the language of section 11 (F) (5) of the Rules of the New York Automobile Insurance Plan which provides that if the application is for an increase in limits, or for the addition of a coverage "both the envelope in which the request is transmitted to the company and the request itself, must bear the post office receipt number of the certified mailing, in such event, the increase in limits, or addition of a coverage, shall become effective as of 12:01 A.M. of the day following the postmark of the transmittal envelope".

Pursuant to the terms of section 12 of the Rules of New York Automobile Insurance Plan, the placement of the receipt number on the envelope is the sole condition precedent to fixing the effective date of coverage as 12:01 A.M. of the day following the postmark date. Section 12 explicitly provides that "[i]n such event" the policy shall become effective as of that date. Although section 12 also directs that the receipt number be placed upon the application, it provides no remedy for a violation of that provision.

In the instant case, it is undisputed that the application prepared by Frances Fogarty does not bear the certified receipt number on its face as required by the Plan's rules. However, the plaintiff produced a receipt for certified mail, which is included in the record. At a deposition, Frances Fogarty, upon examining a copy of the certified mailing receipt, stated that the date on the receipt was "October 15th". She further testified that the certified mail receipt number was placed on the envelope. The envelope was received by the New York Automobile Insurance Plan, but not produced by them. Therefore, there is no evidence to rebut the plaintiff's testimony.

We further note that the application itself contains no notice

of the requirement that the certified mail receipt number must be placed thereon. Therefore, the plaintiff's violation of that provision was apparently inadvertent and should not operate to interrupt his insurance coverage, in contravention of the public policy in favor of uninterrupted insurance coverage of all automobiles on the road (see, Planet Ins. Co. v Bright Bay Classic Vehicles, 75 NY2d 394).

The appellants' remaining contentions are without merit. Accordingly, the order appealed from is affirmed. Balletta, J. P., Joy, Altman and Goldstein, JJ., concur.