■ JAMES R. McCLEAVEY et al., Appellants, v PHYSICIANS RECIPROCAL INSURERS, Respondent. [648 NYS2d 148] —In an action, *inter alia,* for a judgment declaring that the professional liability insurance policies of the plaintiffs James R. McCleavey, Dennis R. Rossi, and Melvyn Weinger should be continued from July 1, 1995, through June 30, 1996, and the policy of the plaintiff Howard J. Gelber should be continued from January 1, 1995, through December 31, 1996, the plaintiffs appeal, as limited by their brief, from so much of an

order of the Supreme Court, Nassau County (Collins, J.), dated September 7, 1995, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment declaring that the professional liability insurance policies of the plaintiffs James R. McCleavey, Dennis R. Rossi, and Melvyn Weinger shall not be continued from July 1, 1995, through June 30, 1996, and the policy of the plaintiff Howard J. Gelber shall not be continued from January 1, 1995, through December 31, 1996.

On April 12, 1995, the plaintiffs, board certified radiologists licensed to practice medicine, received separate notices of non-renewal from the respondent, Physicians Reciprocal Insurers (hereinafter PRI), for their professional liability policies. PRI specifically indicated in the notices that the policies, which were scheduled to expire in June 1995, would not be renewed due to the plaintiffs' claim history. In accordance with New York State law, the notices of non-renewal indicated that, upon receipt of a written request from the plaintiffs, PRI would provide their "loss information". Along with the notice of non-renewal, each plaintiff received a separate notice which indicated that, upon receipt of a request, PRI would conduct a review of the reasons for non-renewal during which the plaintiffs could participate either in person or by telephone.

Contrary to the plaintiffs' contentions, the defendant provided them with adequate notice of non-renewal (see, Insurance Law § 3426 [g] [2]; [e] [3]). The plaintiffs received notices of non-renewal more than 60 days prior to the expiration of the policies and the notices indicated that the policies were being canceled due to their claim histories.

The defendant did not breach an implied covenant of good faith and fair dealing. Notably, the defendant provided notice to the plaintiffs that they had suffered unacceptable losses thereby providing objective credible evidence that non-renewal of the policies was based on underwriting criteria (see, Dalton v Educational Testing Serv., 87 NY2d 384).

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the defendant (see, Lanza v Wagner, 11 NY2d 317, 334, cert denied 371 US 901). Thompson, J. P., Sullivan, Santucci and McGinity, JJ., concur.