(October 27, 1997)

■ ANDREW KEITH PROPERTIES, INC., Respondent, v HUBI-NETTE COWELL ASSOCIATES, INC., Respondent, and ROYAL IN-SURANCE COMPANY OF AMERICA, Appellant. [663 NYS2d 856] —In an action, *inter alia,* to recover damages for negligence and breach of contract, the defendant Royal Insurance Company of America appeals from an interlocutory judgment of the Supreme Court, Nassau County (Adams, J.), entered July 11, 1996, which, upon an order of the same court dated May 13, 1996, denying its motion for summary judgment dismissing the complaint insofar as asserted against it and granting (1) the plaintiff's cross motion for summary judgment against it on the issue of liability and (2) the cross motion of the defendant Hubinette Cowell Associates, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, is in favor of the plaintiff and the defendant Hubinette Cowell Associates, Inc., and against Royal Insurance Company of America.

Ordered that the appeal from so much of the interlocutory judgment as dismissed the plaintiff's complaint against the defendant Hubinette Cowell Associates, Inc., is dismissed; and it is further,

Ordered that the interlocutory judgment is modified, on the law, by deleting the first, second, fourth, and fifth decretal paragraphs thereof and substituting therefor a decretal paragraph dismissing the complaint and all cross claims insofar as asserted against Royal Insurance Company of America; as so modified, the interlocutory judgment is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the interlocutory judgment as dismissed the plaintiff's complaint insofar as asserted against the defendant Hubinette Cowell Associates, Inc. (hereinafter Hubinette), must be dismissed. Royal Insurance Company of America (hereinafter Royal) is not aggrieved by that portion of the interlocutory judgment (*see,* CPLR 5511; *Kelly v D'Amico,* 203 AD2d 427; *Dublin v Prime,* 168 AD2d 597; *Hauser v North Rockland Cent. School Dist. No. 1,* 166 AD2d 553).

We find that Royal's submissions were sufficient to demonstrate that it notified the plaintiff of its decision not to renew the subject policy in accordance with Insurance Law § 3426.

We also find that the plaintiff failed to demonstrate a triable issue of fact in this regard. The notice of nonrenewal, which stated that the subject property did "not meet underwriting criteria" and that "loss information [was] available upon written request" was, under the circumstances presented, sufficiently specific (*see,* Insurance Law § 3426 [e] [2]; *McCleavey v Physicians Reciprocal Insurers,* 232 AD2d 381; *Tennenbaum v Insurance Corp.,* 179 AD2d 589; *Matter of State Farm Mut. Auto. Ins. Co. v Yung Shik Na,* 123 AD2d 873; *Butterman v Physicians Reciprocal Insurers,* 166 Misc 2d 21; *cf., Messing v Nationwide Mut. Ins. Co.,* 42 AD2d 1030). For these reasons, Royal's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it should have been granted.

Under the circumstances outlined above, Hubinette's cross motion insofar as it was to dismiss Royal's cross claim, should have been denied as moot. Bracken, J. P., Sullivan and McGinity, JJ., concur.

Miller, J., dissents and votes to affirm the interlocutory judgment with the following memorandum. I do not agree with the conclusion of my colleagues that the notice of nonrenewal sent by the appellant Royal Insurance Company of America (hereinafter Royal) provided sufficiently specific reasons for its decision not to renew the multi-peril insurance policy covering the plaintiff's premises. Rather, in my view, the requirements of Insurance Law § 3426 (e) (2) were not met by the ambiguous explanation "does not meet underwriting criteria". Accordingly, I would affirm the interlocutory judgment in favor of the plaintiff and against Royal on the issue of liability.

The facts central to this appeal are as follows. In 1988 and 1989, the plaintiff's commercial property was insured under a multi-peril policy issued by the defendant Royal, through a broker, the defendant Hubinette Cowell Associates, Inc. (hereinafter the broker). In September 1989, approximately three months before the expiration of the second one-year term of the policy, Royal allegedly sent a notice of nonrenewal to the plaintiff and to the broker, providing as the sole reason for nonrenewal, that the property "does not meet underwriting criteria". It is undisputed that the broker received this notice in September 1989, although the plaintiff denies timely receipt. In any event, the policy was never renewed and approximately three weeks after the policy's expiration, in January 1990, the plaintiff's property sustained extensive fire damage. Royal disclaimed coverage citing its nonrenewal of the policy.

The plaintiff commenced this action against Royal and the

broker, seeking to recover for the fire damage sustained. Ruling on the parties' respective motions for summary judgment, the Supreme Court held that Royal's notice of nonrenewal was not in conformity with the requirements of Insurance Law § 3426 (e) (2) insofar as the reason provided for the decision not to renew the policy was not a "specific" reason as statutorily required. The majority concludes otherwise. However, after reviewing the case law on this issue, and the legislative history underlying the enactment of the relevant provisions of the Insurance Law, I find that the Supreme Court's conclusion was both warranted and provident.

By its express terms, Insurance Law § 3426 (e) (2) provides that all notices of nonrenewal must, *inter alia,* "contain the specific reason or reasons for nonrenewal". The requirement that specific reasons be provided for nonrenewals and cancellations was grounded in a public perception that the insurance industry was guilty of unfair business practices which, among other things, resulted in a shortage of available, affordable commercial risk insurance. To address these concerns, then-Governor Mario Cuomo sought the guidance of an Advisory Commission on Liability Insurance, which recommended, *inter alia,* that legislation was necessary "to establish a legal framework governing insurer decisions with respect to cancellation and notice of non-renewal", and that government control over such matters "would be helpful to insureds and would serve the interests of the public at large" (Governor's Program Mem in favor of S 9351, ch 220, 1986 NY Legis Ann, at 135). The requirement that a notice of nonrenewal set forth specific reasons was to ensure that insureds receive "fair notice" of the insurer's intent not to renew (Governor's Program Mem in favor of S 9351, ch 220, 1986 NY Legis Ann, at 135). Moreover, it was observed that "cancellation and nonrenewal restrictions [would] also promote a less volatile insurance market for the consumer both in terms of cost and availability" (Governor's Mem approving S 9351, ch 220, 1986 NY Legis Ann, at 136). According to the Memorandum of the State Executive Department, the nonrenewal notice requirement was intended to provide insureds with "minimum notice of non-renewal of policies" (Mem of State Exec Dept., 1986 McKinney's Session Laws of NY, at 2856). The foregoing suggests that the obvious legislative intent was to force insurers to provide insureds with actual notice of decisions not to renew policies, and to provide "specific reasons" for those decisions to enable insureds to understand why a policy was not being renewed, and presumably, to permit the insured to address the cited reason and cure whatever deficiency existed so as to enable the insured to obtain new coverage.

There is a dearth of case law dealing with the issue of whether a notice of nonrenewal or cancellation contains a sufficiently specific statement of reasons. The sole case found to hold that a statement of reasons was insufficient, upon which the Supreme Court relied, is *Messing v Nationwide Mut. Ins. Co.* (42 AD2d 1030). *Messing* dealt with an analogous specific reason requirement as provided by former Insurance Law § 167-a. There, a policy of automobile insurance was cancelled, and the only reason given was that the cancellation was " '[a]s requested by the Nationwide underwriter' " (*supra*, at 1031). The Appellate Division, Fourth Department, held that this language was not a specific reason and thus the notice of cancellation was deemed ineffective.

*Messing (supra)* is squarely on point with the facts of the instant matter. In *Messing* no objective, verifiable reason was provided; the policy was cancelled at the request of the underwriter for undisclosed reasons known only to the underwriter. In the instant matter, Royal ostensibly decided not to renew for underwriting reasons but its notice contained no clue as to what those reasons actually were. Indeed, the conclusory assertion that the property no longer met underwriting criteria was wholly ambiguous and provided the plaintiff with no information as to the actual reason underlying Royal's determination, i.e., that the premises were vacant. Consequently, even assuming that it received the notice of nonrenewal, the plaintiff was never timely apprised of the factual, specific reason for nonrenewal and was denied any opportunity to attempt to cure the deficiency.

It is settled that notice requirements are strictly construed against the insurer (*see, Zeman v Zack Agency,* 75 AD2d 261). Since Royal's notice of nonrenewal was ineffective, the policy was automatically renewed for the 1990 term and coverage therefore continued as of the time of the fire (*see,* Insurance Law § 3426 [e] [1]; *Gedan v Home Ins. Co.,* 176 AD2d 914). Accordingly, Royal's liability was demonstrated as a matter of law.

My colleagues in the majority conclude that the reason set forth in the notice of nonrenewal was sufficiently specific and cite several cases in support of their holding. However, each of those cases is distinguishable insofar as the notices in those cases all provided objective reasons for the insurers' decisions not to renew. For example, in *McCleavey v Physicians Reciprocal Insurers* (232 AD2d 381, 382), the defendant malpractice insurer declined to renew the plaintiff's coverage due to his "claim history", an objective and verifiable reason (*accord, But-*

*terman v Physicians' Reciprocal Insurers* (166 Misc 2d 21). In *Matter of State Farm Mut. Auto. Ins. Co. v Yung Shik Na* (123 AD2d 873), a notice of nonrenewal was held to be sufficiently specific where it recited the occurrence of two accidents and two convictions, and it further indicated that the procuring broker was no longer an authorized agent. *Tennenbaum v Insurance Corp.* (179 AD2d 589) is wholly inapposite as the sufficiency of the reason for cancellation was not in issue in that case, and in any event an objective explanation was provided; " 'Underwriting Reasons (Adverse Inspection Report)' " (*Tennenbaum v Insurance Corp.*, 179 AD2d 589, 590, *supra* [emphasis supplied]). This explanation offered at least some objective information relevant to legitimate insurance considerations concerning the risk to be insured, supporting the decision to cancel the policy (*see also, Rancich v Cortland Co-op. Ins. Co.*, 204 AD2d 839 [notice of nonrenewal stated that coverage for a hotel was being terminated because of " 'Underwriting Reasons: Property Deteorating [sic] as evident per recent inspection' "]). By way of contrast, the instant notice provided no objective, verifiable information to aid the insured in addressing the perceived deficiency. Royal's notice in reality provided no specific reasons at all.

The foregoing cases suggest that reasons underlying decisions not to renew policies must be specific and must set forth objective factual bases. Insureds receiving such notices would understand that the decision not to renew was based upon objective, legitimate insurance considerations related to the risks to be insured. In this case the only reason given was that the property did not meet underwriting criteria. The underlying reason was that the property was vacant. The notice of nonrenewal, however, did not provide that reason. To conclude, as the majority herein has, that this amorphous reason is sufficiently specific, renders the statutory requirement of specificity to be virtually meaningless and illusory.

Furthermore I find that the Supreme Court properly awarded summary judgment to the broker. Under the facts at bar, the broker was under no continuing obligation to obtain replacement coverage for the plaintiff's benefit (*see, Chaim v Benedict,* 216 AD2d 347; *Blonsky v Allstate Ins. Co.,* 128 Misc 2d 981, *see also, Murphy v Kuhn,* 90 NY2d 266), and the broker did provide notice of nonrenewal to the plaintiff shortly before the fire. Therefore, the plaintiff has no cognizable claim as against the broker.