■ ALEXANDER TANNENBAUM, Respondent-Appellant, v REPUBLIC INSURANCE COMPANY, Respondent, and HERMAN E. WEALCATCH, INC., Appellant-Respondent. [671 NYS2d 520] —In an action to recover the benefits of an insurance policy, the defendant Herman E. Wealcatch, Inc. appeals from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated

March 18, 1997, as denied that branch of its cross motion which was to dismiss the cross claim asserted against it by the defendant Republic Insurance Company, and the plaintiff cross-appeals from so much of the same order as denied those branches of his motion which were for summary judgment as to liability against the defendant Republic Insurance Company, and to dismiss the third affirmative defense asserted by Republic Insurance Company.

Ordered that the order is modified, by (1) upon searching the record, deleting the provision thereof which denied the branch of the motion by the defendant Republic Insurance Company which was for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision granting that branch of the motion and dismissing the complaint as to it, and (2) deleting the provision thereof which denied that branch of the motion by the defendant Herman E. Wealcatch, Inc., which was to dismiss the cross claim asserted against it by Republic Insurance Company, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On May 13, 1994, the defendant Republic Insurance Company (hereinafter Republic) issued a fire insurance policy to the plaintiff which was to run until May 13, 1995. On June 24, 1994, Republic issued a cancellation notice which advised that the insurance would be terminated as of July 25, 1994. The reason stated for the termination was "loss history: does not meet our guidelines". The plaintiff does not deny that he received the cancellation notice or that he thereafter received and cashed a refund of unearned premium. On November 12, 1994, the subject property was destroyed in a fire. In May 1996 the plaintiff brought this action against Republic and his insurance broker, Herman E. Wealcatch, Inc. (hereinafter Wealcatch). Shortly thereafter, however, the plaintiff discontinued the action as against Wealcatch.

We find that the cancellation notice was sufficiently specific so as to constitute compliance with Insurance Law § 3425 (b) (*see generally, Keith Props. v Hubinette Cowell Assocs.*, 243 AD2d 663; *McCleavey v Physicians Reciprocal Insurers*, 232 AD2d 381). Accordingly, the insurance policy was effectively canceled as of July 25, 1994, and there was no coverage at the time the loss occurred. Under these circumstances, Republic is entitled to summary judgment dismissing the complaint insofar as against it. In this regard we note that "on a motion for summary judgment, this court has the power to search the record

and grant relief to a * * * nonappealing party" (*Kasper v Town of Smithtown,* 123 AD2d 743, 744; *see also, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106; *Sanchez v United Rental Equip. Co.,* 246 AD2d 524).

In light of our determination herein, we also grant that branch of the cross motion by Wealcatch which sought dismissal of the cross claim asserted against it by Republic. Bracken, J. P., O'Brien, Santucci and Altman, JJ., concur.