■ Dennis Gomez, Plaintiff, v Feder, Connick & Goldstein, P. C., Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. American Home Assurance Company, Third-Party Defendant-Respondent. [687 NYS2d 679] —In an action to recover damages for legal malpractice, the defendant third-party plaintiff, Feder, Connick & Goldstein, P. C., appeals, as limited by its brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Nassau County (McCarty, J.), entered March 13, 1998, which, *inter alia*, in effect, granted the motion of the third-party defendant American Home Assurance Company to dismiss the third-party complaint and declared that the third-party defendant is not obligated to defend or indemnify the defendant third-party plaintiff regarding the malpractice claims asserted by the plaintiff, and dismissed the third-party complaint.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The Supreme Court correctly declared that the respondent insurer is not obligated to defend and indemnify the appellant law firm against the legal malpractice claims asserted by the plaintiff. The appellant first received notice of the plaintiff's claims after the expiration of the "claims-made" policy written by the respondent, although within the 60-day extended reporting period following termination thereof (*see*, 11 NYCRR 73.3 [e] [3] [i]). However, the appellant failed to notify the respondent until approximately seven months later, as it instead referred the claim to a different insurer from which it believed it had purchased successor primary malpractice liability coverage. It was only after the other insurer determined that its coverage was secondary to that of the respondent that the appellant notified the respondent of the plaintiff's malpractice claims, which by that time were in litigation. The appellant's failure to report the claim to the respondent within the policy period of the claims-made policy or within the attendant 60-day extended-reporting period causes this claim to fall outside the scope of the claims-made policy (*see, Camalloy Wire v*

*National Union Ins. Co.,* 235 AD2d 202; *Hunt v Galaxy Ins. Co.,* 223 AD2d 821; *see also, Chas T. Main, Inc. v Fireman's Fund Ins. Co.,* 406 Mass 862, 551 NE2d 28).

The appellants' remaining contentions are either unpreserved for appellate review and may not be raised for the first time on appeal (*see, Dufficy v Wharf Bar & Grill,* 217 AD2d 646), or are without merit (*see, e.g., Zappone v Home Ins. Co.,* 55 NY2d 131; *Keith Props. v Hubinette Cowell Assocs.,* 243 AD2d 663; *McCleavey v Physicians Reciprocal Insurers,* 232 AD2d 381; *Hunt v Galaxy Ins. Co., supra*). S. Miller, J. P., Ritter, Florio and Luciano, JJ., concur.