Konstantakopoulos v Union Mut. Fire Ins. Co. (2021 NY Slip Op 03256)





Konstantakopoulos v Union Mut. Fire Ins. Co.


2021 NY Slip Op 03256


Decided on May 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 20, 2021

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Mendez, JJ. 


Index No. 26175/17E Appeal No. 13892 Case No. 2020-03339 

[*1]Odisseas Konstantakopoulos, Plaintiff-Appellant,
v
Union Mutual Fire Insurance Company, Defendant-Respondent.


Law Office of Craig A. Blumberg, New York (Craig A. Blumberg of counsel), for appellant.
Gold Benes, LLP, Bellmore (James Stewart of counsel), for respondent.



Order, Supreme Court, Bronx County (Ruben Franco, J.), entered July 10, 2020, which granted defendant's motion for summary judgment declaring that there was no coverage for the subject fire loss under the insurance policy it issued to plaintiff, and so declared, unanimously affirmed, without costs.
Defendant demonstrated that plaintiff's insurance application contained a material misrepresentation, voiding the policy ab initio (see Insurance Law § 3105[b][1]; Starr Indem. & Liab. Co. v Monte Carlo, LLC, 190 AD3d 441 [1st Dept 2021]). The underwriter's affidavit and excerpts from the underwriting guidelines show that defendant would not have issued the policy if it had known the true nature of the risk, i.e., a four-unit dwelling as opposed to a three-unit dwelling and an ongoing eviction proceeding. Defendant was not required to submit evidence of its underwriting practices with respect to applicants with similar histories (see Arch Specialty Ins. Co. v Kam Cheung Constr., Inc., 104 AD3d 599, 599 [1st Dept 2013]).
The fact that the increase in premium for a four-unit dwelling was related to liability coverage, as opposed to property coverage, is not relevant to the determination of materiality (see Greene v United Mut. Life Ins. Co., 38 Misc 2d 728, 730-731 [Sup Ct, Bronx County 1963], affd 23 AD2d 720 [1st Dept 1965], lv denied 16 NY2d 482 [1965]). Nor is there ambiguity in the phrase "eviction proceedings." Even if plaintiff thought his eviction proceeding did not qualify as an eviction proceeding for purposes of the question asked on the insurance application, a misrepresentation need not be fraudulent to be material (see Tennenbaum v Insurance Corp. of Ireland, 179 AD2d 589, 592 [1st Dept 1992]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2021