FERGUS REID, JR., Respondent, *v.* CITY OF NEW YORK, Appellant.

Argued March 24, 1937; decided April 27, 1937.

*Paul Windels, Corporation Counsel (William S. Gaud, Jr., Paxton Blair* and *Arthur Bruan* of counsel), for appellant. The plaintiff's predecessors did not acquire title to the property in suit by a deed from the town of Gravesend. (*Woolley* v. *Stewart,* 222 N. Y. 347; *Fitzpatrick* v. *Dorland,* 27 Hun, 291.) The plaintiff has failed to prove title to the property by adverse possession. (*Belotti* v. *Bickhardt,* 228 N. Y. 296; *Rathbunville Union Cenetery Assn.* v. *Betson,* 208 N. Y. 364; *Kneller* v. *Lang,* 137 N. Y. 589; *St. Vincent Female Orphan Asylum* v. *City of Troy,* 76 N. Y. 108; *Tiffany* v. *Town of Oyster Bay,* 234 N. Y. 15; *Slingerland* v. *International Contracting Co.,* 43 App. Div. 215; 169 N. Y. 60; *Dickens* v. *City of New York,* 175 App. Div. 568; *Hinkley* v. *State,* 234 N. Y. 309; *Fulton Light, Heat & Power Co.* v. *State,* 200 N. Y. 400; *Burbank* v. *Fay,* 65 N. Y. 57; *Roe* v. *Strong,* 107 N. Y. 350; *De Lancey* v. *Piepgras,* 138 N. Y. 26.) Title to the property involved could not, as a matter of law, have been acquired by adverse possession in the period from 1906 to the present. (*Burbank* v. *Fay,* 65 N. Y. 66; *Hinkley* v. *State,* 234 N. Y. 309; *Slingerland* v. *International Contracting Co.,* 169 N. Y. 60; *Knickerbocker Ice Co.* v. *Shultz,* 116 N. Y. 382; *People* v. *Baldwin,* 197 App. Div. 285; 233 N. Y. 672; *People* v. *Shipley,* 229 App. Div. 21.) The defendant is the fee owner of the property in suit. (*People* v. *City of New York,* 234 App. Div. 771; 259 N. Y. 579; *City of New York* v. *Atlantic Yacht Club,* 209 App. Div.

642; 240 N. Y. 630; *Harway Improvement Co.* v. *Partridge,* 203 App. Div. 174; 236 N. Y. 563; *Nevins* v. *Friedauer,* 198 App. Div. 250; *Somerville* v. *City of New York,* 78 Misc. Rep. 203; 89 Misc. Rep. 188.)

*William E. Friedman* and *W. N. Selisberg* for respondent. Plaintiff acquired title to the property by grant from the town of Gravesend. The mere absence of a deed does not affect plaintiff's title. (*McKee* v. *McKee,* 267 N. Y. 96; *Sewell* v. *Underhill,* 197 N. Y. 168; *Ford* v. *Clendenin,* 215 N. Y. 10; *People* v. *Tompkins-Kiel Marble Co.,* 269 N. Y. 77.) The adverse possession by plaintiff and his predecessors for over forty years under a color of title establishes plaintiff's right to be adjudged the owner in fee simple absolute. (*Harway Improvement Co.* v. *Partridge,* 203 App. Div. 174; 236 N. Y. 563; *Barnes* v. *Light,* 116 N. Y. 34; *La Frombois* v. *Jackson,* 8 Cow. 589; *Schaubler* v. *Schulz,* 137 Fed. Rep. 389; *Hannibal & St. Joseph R. R. Co.* v. *Clark,* 68 Mo. 371; *Sands* v. *Hughes,* 53 N. Y. 287; *Ledoux* v. *Samuels,* 116 App. Div. 726; *Sherman* v. *Kane,* 86 N. Y. 57; *People* v. *Vanderbilt,* 26 N. Y. 287; *Matter of City of New York* [*Parker Hospital*], 217 N. Y. 1; *Timpson* v. *Mayor,* 5 App. Div. 424; *Knapp* v. *City of New York,* 140 App. Div. 289; *Fulton Light, Heat & Power Co.* v. *State,* 62 Misc. Rep. 189.)

*Per Curiam.* In this action is involved the title to a parcel of land formerly under water in Gravesend Bay designated as Allotment No. 8. The courts below have decided plaintiff's title to be valid by adverse possession since the year 1891.

In the year 1891 title to the upland contiguous to this parcel of land under water was concededly in the heirs of Albert Voorhies. At that time the town of Gravesend concededly owned this land under water and, pursuant to chapter 458 of the Laws of 1883, it was vested with power to alienate it. The procedure required by that statute

provided for a receipt by the Trustees of a written proposition to purchase, a meeting of the electors of the town to pass upon the proposition, acceptance by the Trustees, consent of the Supervisor, execution of a deed by the Trustees with the approval of the Supervisor, delivery of the deed to the County Treasurer and delivery of the deed by the County Treasurer to the purchaser. Full compliance was had with all the requirements of the statute *except that no deed was ever delivered or even executed.* The reason for the failure to execute and deliver a deed to the heirs of Albert Voorhies was due to the fact that the attorney for the town of Gravesend in 1891 expressed the opinion that the estate of Albert Voorhies was not a legal entity and could not take a grant from the town and he instructed his associate to refrain from drawing a deed until the identity of the Voorhies heirs should be discovered. Deeds to allotments other than Allotment No. 8 were executed to other grantees.

One of the Trustees of the town undertook to discover the Voorhies heirs but he never reported to the attorney for the town. That is the reason why no deed was ever executed by the Trustees for Allotment No. 8.

Immediately after the proposition by the Voorheis heirs to purchase Allotment No. 8 for ten dollars had been unanimously approved by the electors November 20, 1891, and that sum paid, the Voorhies heirs took over the allotment and used the land under water as their property for fishing, boating and swimming and their successors in title to the upland used it for the same purpose until 1906 when they made application to the Department of Docks of the city of New York for permission to fill in and bulkhead about 1,000 feet of the land under water in Allotment No. 8 and to erect two piers. In July, 1906, such a permit was issued by the city. The chief engineer of the Dock Department reported that the land under water was private property. Part of this land under water was filled in, was bulkheaded and two piers were erected.

The owners of the upland manufactured brick from the sand of Gravesend Bay and pumped it from Allotment No. 8 in pipes laid along the bed of Allotment No. 8. This property has been assessed against plaintiff and his predecessors since 1894 and prior thereto.

The occupation and possession of Allotment No. 8 by plaintiff and his predecessors in title for more than forty years has been actual, open, notorious, exclusive, continuous and under claim of right founded upon the grant from the town of Gravesend and the deeds from plaintiff's predecessors asserting ownership and hostile and adverse to any claim of title by defendant or any other person. Defendant had notice of such occupation and possession but never asserted any claim of title before the institution of this suit.

The recognition by the city's predecessors, the town of Gravesend and the city of Brooklyn, of their lack of title by assessing this land to plaintiff's predecessors prior to the year 1894 and since that date, the acceptance by the Trustees of the proposition by the estate of Albert Voorhies to purchase Allotment No. 8 and the action by the electors in accepting the proposition, and payment for a deed which was never executed, coupled with the use by plaintiff's predecessors furnish color of right to plaintiff even in the absence of a deed. If a deed had been executed and delivered in compliance with the statute, the question of title by adverse possession would not be in the case.

Not once between 1891 and 1935 did the town of Gravesend, the city of Brooklyn or the city of New York ever assert any right to this land under water. The trustees of the town accepted the proposal to purchase, the electors ratified the act of the Trustees, the proposing purchasers paid for a deed which they never received, the taxing authorities assessed the property against private owners. Since 1906 plaintiff's predecessors have expended large sums in improvements and actually excavated the sands for making brick, the city in 1928 condemned part of the

property for street purposes and made an award to unknown owners and in nearly every way acknowledged as far as it was able that it possessed no title.

The judgment should be affirmed, with costs.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; CRANE, Ch. J., concurs in separate memorandum.

CRANE, Ch. J. (concurring). I agree with the statements of the *per curiam* opinion, but desire to add that the law considers that as done which ought to have been done and the city cannot now claim title as against this party.

Judgment affirmed.