■ JOHN BONERT et al., Respondents, v. ARNOLD WHITE et al., Appellants, and TOWN OF HEMPSTEAD et al., Respondents, et al., Defendants.— Action to enjoin the construction and maintenance by appellants and others of a bulkhead in front of plaintiffs-respondents' real property abutting a waterway, in which action the respondent village and the respondent town cross-complain against appellants, under article 15 of the Real Property Law. Judgment modified on the law and the facts (1) by striking therefrom the first, second, third, and fifth decretal paragraphs, (2) by substituting in place of the fifth decretal paragraph, the following: " Ordered, adjudged and decreed, that the defendants Arnold White and Mae Chester, also known as Mae Chester White, be and they hereby are directed to remove that portion of the bulkhead heretofore erected by

them on the land westerly of a projection of the westerly line of Front Street as now constituted, within 30 days after receiving written notice by registered mail from plaintiffs to remove the same, and it is further ", and (3) by adding thereto a paragraph providing that the cross complaints be dismissed on the merits. As thus modified, judgment affirmed, with one bill of costs to appellants, payable by the respondents village and town. Informal findings insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. Neither the respondent village nor the respondent town was seized or possessed of the disputed parcel within 15 years of the service of their cross complaints against appellants. Prior to that period appellants' predecessors acquired title by adverse possession to that portion of the disputed parcel, described in an 1899 deed to Sarah A. White, which lies between projected east and west lines of Front Street as now constituted, being a strip 49.5 feet wide. A highway was laid out in 1817 on a paper map, but there is no evidence that the lower end thereof, which was upon the aforesaid strip, was ever used as a public highway in any normal sense. The aforesaid strip was improved with structures by an ancestor of appellant Arnold White and used for commercial purposes. There was free use of the beach lying westerly of the projected line of Front Street as now constituted, and neither appellants nor their ancestors acquired title to the beach westerly of said projected line. With respect to the result of an 1896 action, in which commissioners of highways of the respondent town sought to evict the ancestor of appellant Arnold White, with respect to the placing of the property on the assessment rolls in 1919, and with respect to the respondent town's failure to defend an action in 1928, concerning land immediately to the east of the aforesaid strip, which land was also described in the 1899 deed to Sarah A. White — while none of these facts, separately or even in the aggregate, is sufficient to determine title, they do show a practical construction of the law and the facts and a recognition by the respondent town that it had no title. (See *Long Is. Land Research Bur.* v. *Town of Hempstead*, 283 App. Div. 663, affd. 308 N. Y. 818; *Reid* v. *City of New York*, 274 N. Y. 178; *Matter of City of New York* [*Willard Parker Hosp.*], 217 N. Y. 1.) Title to the soil of a highway may be obtained by adverse possession, even though it is impossible either by grant or by prescription to acquire the public's right of passage and repassage. (*People* v. *Vanderbilt*, 26 N. Y. 287, cited in *Timpson* v. *Mayor*, 5 App. Div. 424, 429–430.) Plaintiffs-respondents are entitled to an injunction against the construction and maintenance by appellants of a bulkhead in lands lying westerly of a line in continuation of the westerly line of Front Street as now constituted. Order denying appellants' motion to reopen the trial for the purpose of introducing evidence in connection with judgment in an 1896 action affirmed, without costs, with leave to appellants to renew the motion if the same becomes necessary and advisable. If judgment were not being granted as stated above, the interests of justice would require that the motion to reopen the trial be granted. Beldock, Ughetta and Hallinan, JJ., concur; Nolan, P. J., and Wenzel, J., concur in the affirmance of the order, but dissent from the modification of the judgment and vote to affirm said judgment without modification, on the ground that in their opinion the evidence is insufficient to prove the continued occupation and possession of the property necessary to establish title by adverse possession.