■ ROBERT FREER et al., Respondents, v ANDREW PONCIC et al., Appellants.—Casey, J. P. Appeal from an order of the Supreme Court (Connor, J.), entered July 18, 1990 in Ulster County, which, *inter alia,* granted plaintiffs' motion for summary judgment.

Plaintiffs commenced this action pursuant to RPAPL article 15 to compel a determination of defendants' claim that plaintiffs' use of their property as a travel/camping trailer park violated a restriction placed upon the property by the parties' common grantor, which required that the premises be used for residential purposes only. Defendants' answer was originally rejected by plaintiffs for improper verification. Defendants moved for permission to serve an answer and plaintiffs crossmoved for a default judgment, or in the alternative, summary judgment. Supreme Court granted defendants' motion and denied plaintiffs' cross motion, with leave to move again for summary judgment after completion of disclosure. After defendants served their answer pursuant to the court order and following the lapse of more than a year during which neither party sought disclosure, plaintiffs moved for summary judgment. This time Supreme Court granted the motion and this appeal ensued.

Initially, we find no merit in defendants' claim that the earlier denial of plaintiffs' motion seeking summary judgment as alternative relief barred the second motion. Inasmuch as issue had not yet been joined, summary judgment was premature (CPLR 3212 [a]), and the earlier order expressly authorized plaintiffs to move again for summary judgment at a later date. Nor do we see any merit in defendants' claim that the second order must be reversed because the matter was not referred to the same Supreme Court Justice who issued the first order. The record contains no reason for the assignment of plaintiffs' subsequent motion to another Justice, but we see no prejudice to defendants.

Turning to the merits, the undisputed facts reveal that plaintiffs have continuously operated a travel/camping trailer park on the property since 1967. In 1970, a neighbor sought to enforce the restriction at issue and asked defendants' predecessor in title to join in an action against plaintiffs. The predecessor declined to do so and the neighbor's action was ultimately dismissed on the merits. Defendants have owned their property for some 15 years without taking any action to enforce the restriction, despite plaintiffs' open and continuous use of the property as a travel/camping trailer park during that period. In these circumstances, a court should refuse to

aid the party so belatedly seeking to assert his claimed rights *(see, Zaccaro v Congregation Tifereth Israel,* 20 NY2d 77). Defendants' lengthy delay in seeking to assert their claimed rights also raises the inference that the restriction is of no actual and substantial benefit to defendants *(see,* RPAPL 1951), and defendants have presented no proof in evidentiary form to the contrary. The order granting plaintiffs' motion for summary judgment should, therefore, be affirmed.

Order affirmed, with costs. Casey, J. P., Weiss, Mercure, Crew III and Harvey, JJ., concur.