■ JOHN E. RANCICH, Appellant, v CORTLAND CO-OPERATIVE INSURANCE COMPANY, Respondent. [611 NYS2d 956] —Mercure, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered March 29, 1993 in Tompkins County, which, *inter alia,* granted defendant's cross motion for summary judgment dismissing the complaint.

On August 20, 1987, defendant issued an insurance policy covering certain property owned by plaintiff and located in the City of Ithaca, Tompkins County. The premises insured were described in the policy as a restaurant/hotel, and the policy covered the period August 20, 1987 through August 20, 1990. Thereafter, on August 28, 1987, defendant mailed a "notice of nonrenewal" to plaintiff. The notice provided, in relevant part, that defendant had elected to "nonrenew" plaintiff's policy as of September 15, 1987 and that all coverage under the policy would cease as of that date. The basis for the nonrenewal was stated as follows: "Underwriting Reasons: Property Deteorating *[sic],* as evident per recent inspection".

It appears that there were no further communications between plaintiff and defendant until January 1989 when the premises were destroyed by fire and plaintiff attempted to file a claim under the policy. Defendant apparently took the position that the policy had been canceled, and plaintiff thereafter commenced this action seeking, *inter alia,* a declaration that the purported "notice of cancellation" was ineffective. Following joinder of issue, plaintiff moved for summary judgment and defendant cross-moved for similar relief, contending that plaintiff's policy indeed had been canceled and, further, that plaintiff acquiesced in and was estopped from objecting to the cancellation. Supreme Court denied plaintiff's motion and granted defendant's cross motion. This appeal by plaintiff followed.

Whether the notice mailed to plaintiff on August 28, 1987 may be properly characterized as a "notice of nonrenewal" *(see,* Insurance Law § 3426 [e]) or a "notice of cancellation"

*(see,* Insurance Law § 3426 [h]) is of no moment, as defendant has conceded, for purposes of this appeal, that the notice in question does not comply with the relevant provisions of Insurance Law § 3426. Thus, the question we must answer is whether plaintiff has waived or is estopped from asserting any objection to the defects in the notice he admittedly received on or about September 1, 1987.

Turning first to the issue of waiver, defendant essentially contends that by allegedly informing his agent that he had obtained another insurance policy covering the property in question, plaintiff waived his right to object to defects in the notice (citing *Employers Commercial Union Ins. Co. v Firemen's Fund Ins. Co.,* 45 NY2d 608; *Kelly v Amica Mut. Ins. Co.,* 142 AD2d 555 [each holding that a supervening policy of liability insurance terminates a prior insurer's obligation to indemnify, notwithstanding the prior insurer's failure to comply with the notice requirements set forth in Vehicle and Traffic Law § 313 (1) (a)]). We cannot agree. Even assuming that the cases relied upon by defendant are applicable to the situation before us, there is absolutely no proof in the record that plaintiff indeed obtained alternate coverage for the property in question. Although plaintiff's insurance agent averred that plaintiff informed him that such coverage had been obtained, plaintiff has denied making this statement and, in any event, the record fails to establish that plaintiff's agent communicated this information to defendant. Further, to the extent that the record reveals that plaintiff "shopped around" for alternate coverage for the subject property, we are of the view that such conduct fails to rise to the level of a waiver *(see generally, Werking v Amity Estates,* 2 NY2d 43, 52, *appeal dismissed* 353 US 933; *Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v Kinsella,* 194 AD2d 1054, 1056).

Similarly, defendant's evidentiary showing that plaintiff failed to object to the ineffectual "notice of cancellation" or to pay the premium due under the policy, instructed his agent to obtain a quote from another insurance company and thereafter transferred his remaining policies to another agent is insufficient to raise a factual issue on the estoppel defense. As relevant to this case, a party asserting estoppel must demonstrate that the other party engaged in conduct amounting to a false representation or concealment of material facts and, with respect to himself or herself, "(1) lack of knowledge of the true facts; (2) reliance upon the conduct of the party estopped; and (3) a prejudicial change in * * * position" *(Airco*

*Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68, 81-82; *see, Matter of James BB. v Debora AA.,* 202 AD2d 852, 853; 57 NY Jur 2d, Estoppel, Ratification, and Waiver, § 17, at 25). As noted, defendant had no reason to believe that plaintiff had procured other insurance, and plaintiff's asserted conduct was by no means inconsistent with the position that the policy remained in effect *(see, Werking v Amity Estates, supra,* at 53). Accordingly, we conclude that Supreme Court should have granted plaintiff's motion for partial summary judgment and made a declaration in his favor.

Mikoll, J. P., Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, cross motion denied, motion granted, partial summary judgment awarded to plaintiff and it is declared that defendant's "notice of cancellation" of plaintiff's insurance was null and void and of no force and effect.