■ ALBERT D. KELLY, Appellant, v JOHN RANCICH, Defendant. HOLMBERG, GALBRAITH, HOLMBERG & ORKIN, Respondent. [633 NYS2d 872] —Yesawich Jr., J. Appeal from that part of an order of the Supreme Court (Relihan, Jr., J.), entered February 28, 1995 in Tompkins County, which granted the application of Holmberg, Galbraith, Holmberg & Orkin to determine and enforce its attorney's lien.

---

Attorneys Holmberg, Galbraith, Holmberg & Orkin (hereinafter the firm) were originally hired, on a one-third contingency fee basis, to represent plaintiff in this action, in which he seeks to recover for losses sustained when fire damaged a commercial property he had leased from defendant. The action was discontinued after the parties executed a stipulation of settlement, wherein defendant unconditionally assigned plaintiff a portion of any recovery he might receive as a result of his pending fire loss action against the insurance company. When that latter action was dismissed by Supreme Court, defendant retained the firm to prosecute an appeal, which resulted in a reversal and partial summary judgment in favor of defendant on the issue of liability (*see, Rancich v Cortland Co-Op. Ins. Co.*, 204 AD2d 839). A settlement was quickly agreed upon, with defendant receiving a total of $250,000.

At that point, defendant took the position that plaintiff was entitled to significantly less than the $50,000 called for by the clear terms of their earlier stipulation agreement, and offered $40,000 in compromise. After plaintiff declined defendant's offer, the firm advised plaintiff that it could no longer continue as his attorney of record to enforce the stipulation, having represented defendant, in the interim, in the related matter (*see, Solow v Grace & Co.*, 83 NY2d 303, 306). Plaintiff moved, *inter alia*, to compel payment pursuant to the stipulation, and the firm cross-moved for a determination of its fee and enforcement of its attorney's lien. Supreme Court granted the cross motion, rejecting plaintiff's contention that by representing defendant on the appeal, the firm had abandoned plaintiff and forfeited its legal fee. Plaintiff appeals.

When the original action was settled and discontinued, plaintiff and defendant were no longer adversaries, the controversy between them having been concluded within a structured agreement. Moreover, as a result of plaintiff's acquisition of an interest in defendant's potential recovery from the insurance company, the parties became united in interest in the successful prosecution of the related fire loss action. Absent a hint of any trouble or adverse interests between plaintiff and defendant, or within the unambiguous agreement (and plaintiff has alleged none), the firm's prosecution of the appeal necessary for success in that related action was not improper.

It was defendant's subsequent refusal to make the contractual payment which necessitated the firm's withdrawal as plaintiff's attorney. As that unjustified refusal could not have been anticipated, Supreme Court correctly found that the

firm's withdrawal was for good and sufficient cause and, accordingly, that it is entitled to its fee (*see, Rosen v Rosen*, 97 AD2d 837; *cf., Matter of Dunn*, 205 NY 398, 403; *Johns-Manville Sales Corp. v State Univ. Constr. Fund*, 79 AD2d 782, 783).

Mikoll, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.