■ WILSHIRE CREDIT CORPORATION, Appellant-Respondent, v TIMOTHY J. GHOSTLAW et al., Defendants, and GERALD GHOSTLAW et al., Respondents-Appellants. [753 NYS2d 537] —Lahtinen, J. Cross appeals from an order of the Supreme Court (Demarest, J.), entered September 18, 2001 in Franklin County, which denied plaintiff's and certain defendants' motions for summary judgment.

The dispute between the parties centers primarily around whether a mortgage executed on June 16, 1987 included a certain 8½-acre parcel as part of the total property being encumbered. Three real estate transactions occurring on June 16, 1987 set the pertinent factual background. First, defendants

Timothy J. Ghostlaw and Thomas W. Ghostlaw transferred certain real property in the Town of Fort Covington, Franklin County, to defendants Noel Lussier and R. Douglas Gilmour, specifically reserving and excepting the relevant 8½-acre parcel. Second, Lussier and Gilmour then transferred a parcel of property in the Town of Bombay and Town of Moria, Franklin County (hereinafter the Bombay/Moria property), to Timothy Ghostlaw, Thomas Ghostlaw and Tamara Ghostlaw. Third, Timothy Ghostlaw, Thomas Ghostlaw and Tamara Ghostlaw executed a purported "purchase money" mortgage on the Bombay/Moria property to Lussier and Gilmour. Whether such mortgage included the 8½ acres located in Fort Covington and reserved and excepted in the Ghostlaws' conveyance to Lussier and Gilmour is disputed in the current litigation.

Thereafter, in January 1992, Timothy Ghostlaw and Thomas Ghostlaw conveyed the subject 8½ acres, which had the family homestead situated thereon, to defendants Gerald Ghostlaw, Ruth E. Ghostlaw and Gary D. Ghostlaw (hereinafter collectively referred to as defendants), who apparently reside in one or more homes located on the parcel. In June 1992, Timothy Ghostlaw, Thomas Ghostlaw and Tamara Ghostlaw defaulted on the June 1987 note and mortgage, which had been duly assigned to plaintiff. Plaintiff commenced a mortgage foreclosure action against, among others, Timothy Ghostlaw, Thomas Ghostlaw and Tamara Ghostlaw, who did not contest their default. The action also named defendants and sought to foreclose on the disputed 8½ acres. Plaintiff moved for summary judgment. Defendants cross-moved for summary judgment contending that the 8½ acres were not encumbered by the mortgage. Defendants alternatively argued that there was at least a sufficient ambiguity regarding the mortgage to preclude plaintiff's motion and also sought reformation of the mortgage to exclude the 8½-acre parcel based upon an alleged mistake. Plaintiff asserted that the reformation defense was precluded by the statute of limitations. Supreme Court denied both parties' motions, holding that the mortgage encompassed the 8½ acres, but that defendants' reformation defense was viable and not barred by the statute of limitations. Plaintiff and defendants appeal.

Initially, we address whether the property description in the mortgage is ambiguous. When the intent of the parties is set forth in definite and precise language of a deed or mortgage, then the document must be enforced without resort to extrinsic evidence (*see Uihlein v Matthews*, 172 NY 154, 159; *Fiske v Fiske*, 95 AD2d 929, 931-932, *affd* 62 NY2d 828). Here, the

property description in the mortgage sets forth several paragraphs describing the Bombay/Moria property. There is then a paragraph with a general exception and reservation for various conditions that a survey or visual inspection might reveal and such paragraph is followed by a paragraph referencing the deed from which the description of the Bombay/Moria property had been taken. The next paragraph, which begins the three paragraph description of the relevant 8½ acres, commences with the phrase: "ALSO, ALL THAT TRACT OR PARCEL OF LAND * * *." Similar language is used throughout the mortgage to set forth property being mortgaged.

Defendants' assertion that the description of the 8½ acres should be read as a continuation of the general exception paragraph appearing two paragraphs earlier is meritless. It is clear that two separate areas of property are described in the mortgage. The first area pertains to property in Bombay and Moria and such property is described in several paragraphs concluding with the paragraph that refers to the deed from which the description had been taken. The description of the second area, i.e., the 8½ acres in Fort Covington, then commences in the mortgage. We agree with Supreme Court that review of the plain language appearing in the mortgage reveals unambiguously that the disputed 8½ acres was included in the mortgage and, thus, defendants' motion for summary judgment was properly denied.

Plaintiff contends that defendants' reformation defense is barred by the statute of limitations and, therefore, that its motion for summary judgment should have been granted. Reformation based upon a purported mistake is governed by a six-year statute of limitations that is generally measured from the occurrence of the mistake (*see Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 547). However, "as to one who is in possession of real property under an instrument of title, the statute never begins to run against his right to reform that instrument until he has notice of a claim adverse to his under the instrument, or until his possession is otherwise disturbed" (*Hart v Blabey*, 287 NY 257, 262-263; *see Shawangunk Conservancy v Fink*, 261 AD2d 692, 695; *Tursi v St. Joseph's Sanatorium*, 133 AD2d 910, 912). Defendants fall within this exception to the general rule and, accordingly, plaintiff's motion for summary judgment was properly denied.

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the order is affirmed, without costs.