RUTH DAVIS, Appellant, v ANDREW SABELLA, Individually and Doing Business as ANTHONY'S RESTAURANT AND BISTRO, Respondent. [851 NYS2d 704]—

·Kavanagh, J. Appeal from an order of the Supreme Court (Dawson, J.), entered March 5, 2007 in Clinton County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover for injuries allegedly sustained as a result of a fall on a staircase at defendant's restaurant. On defendant's motion, Supreme Court granted summary judgment in favor of defendant dismissing the complaint as time-barred. This appeal ensued.

Plaintiff does not dispute that her fall occurred on September 23, 2001 or that the three-year statute of limitations (*see* CPLR 214 [5]) expired before she commenced this action. Plaintiff, however, argues that defendant should be estopped from asserting a limitations defense because plaintiff was led to believe, by representations made by defendant's insurance carrier, that her accident actually occurred on September 30, 2001. She claims that she relied on this representation and, as a result, failed to commence this action until two days after the statute of limitations expired.

For estoppel to preclude the assertion of a statute of limitations defense, plaintiff must establish by clear and convincing evidence (*see Central Fed. Sav. v Laurels Sullivan County Estates Corp.*, 145 AD2d 1, 6 [1989], *lv dismissed* 74 NY2d 944 [1989], *lv denied* 76 NY2d 704 [1990]; *see also Dombroski v Samaritan Hosp.*, 47 AD3d 80, 82 [2007]) that she failed to timely commence her action "due to a fraud, deception or misrepresentation perpetrated by defendant" (*Phillips v Dweck*, 300 AD2d 969, 969 [2002]; *see Simcuski v Saeli*, 44 NY2d 442, 448-449 [1978]; *Giarratano v Silver*, 46 AD3d 1053, 1056 [2007]). Here, there is no evidence of any affirmative wrongdoing by defendant that deliberately induced plaintiff to delay in bringing the action (*Dombroski v Samaritan Hosp.*, 47 AD3d at 83).

Moreover, plaintiff cannot demonstrate that she reasonably relied on defendant's misrepresentation (*see Zumpano v Quinn*, 6 NY3d 666 [2006]; *Simcuski v Saeli*, 44 NY2d at 449) or that she acted with due diligence on her part in bringing the action (*Simcuski v Saeli*, 44 NY2d at 449). The fact that defendant's insurance carrier misstated the date of the accident in correspondence to plaintiff's counsel does not alter the fact that plaintiff, or her counsel, should have known or, with due diligence discovered, the actual date of her fall. Plaintiff's own medical records documenting the treatment that she received correctly state the date of her accident, as does the bill of particulars that plaintiff submitted in response to defendant's

demands. Under the circumstances, plaintiff's reliance on any representation made by defendant's carrier as to the date of her fall was neither reasonable nor justified (*see Dombroski v Samaritan Hosp.*, 47 AD3d at 82-83).

Cardona, P.J., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.