ROBERT PULVER et al., Appellants, v KEVIN F. DOUGHERTY et al., Respondents. [871 NYS2d 495]—

Peters, J.P. Appeal from an order of the Supreme Court (Hummel, J.), entered January 31, 2008 in Columbia County, which granted defendants' motions to dismiss the complaint.

In March 1998, plaintiff Robert Pulver (hereinafter plaintiff) and others contracted with defendant Kevin F. Dougherty to sell a 196-acre parcel of land in Old Chatham, Columbia County. The parties subsequently executed a rider to the contract reserving for plaintiff and his two sons, plaintiffs Matthew Lewis Pulver and Zachary William Pulver, a life estate in a farmhouse located upon the subject property and approximately two acres

of surrounding land. Thereafter, plaintiff's counsel prepared a deed conveying the subject parcel to Dougherty, but mistakenly failed to include the provision for a life estate. Plaintiff learned of the omission shortly after the closing and delivery of the deed in July 1999, at which time both plaintiff and his counsel made several attempts to have Dougherty sign a memorandum correcting the error in the deed and memorializing the life estate. Although Dougherty never signed the memorandum, plaintiffs continued to reside in the farmhouse. In 2006 Dougherty conveyed the property to defendant Highland Road Equities, LLC (hereinafter HRE) and, the following year, HRE listed the property for sale and requested that plaintiffs vacate the farmhouse. In July 2007, plaintiffs commenced this action pursuant to RPAPL article 15 seeking, among other things, reformation of the deed to include the life estate in their favor. Defendants each moved to dismiss the complaint on various grounds. Supreme Court granted defendants' motions, finding that plaintiffs' action for reformation was barred by the statute of limitations. Plaintiffs appeal, and we affirm.

"An action to reform a deed based upon a mistake must generally be commenced within six years after the mistake is committed" (*Green Harbour Homeowners' Assn., Inc. v Ermiger*, 50 AD3d 1199, 1200 [2008]; *see* CPLR 213 [6]). While a well-recognized exception exists "as to one who is in possession of real property under an instrument of title" (*Hart v Blabey*, 287 NY 257, 262-263 [1942]), whereby the statute of limitations "never begins to run against his right to reform that instrument until he has notice of a claim adverse to his under the instrument, or until his possession is otherwise disturbed" (*id.* at 263; *see Wilshire Credit Corp. v Ghostlaw*, 300 AD2d 971, 973 [2002]; *Tursi v St. Joseph's Sanatorium*, 133 AD2d 910, 911-912 [1987]), plaintiffs are not entitled to the benefit of the exception because they do not possess the farmhouse or surrounding land under the instrument of title sought to be reformed (*see Hart v Blabey*, 287 NY at 263; *Kendall v Oakland Golf Club*, 282 App Div 1057, 1057 [1953], *affd* 307 NY 753 [1954]). Therefore, as this action for reformation was not commenced until nearly eight years after the mistake in the deed, it is barred by the statute of limitations.

We also reject plaintiffs' assertion that the doctrine of equitable estoppel precludes defendants from asserting the statute of limitations defense. Equitable estoppel is an extraordinary remedy which applies " 'where [a party] is prevented from filing an action within the applicable statute of limitations due to his or her reasonable reliance on deception, fraud or misrepresenta-

tions by the [other]' " (*Marincovich v Dunes Hotels & Casinos, Inc.*, 41 AD3d 1006, 1010 [2007], quoting *Putter v North Shore Univ. Hosp.*, 7 NY3d 548, 552-553 [2006]; *see Simcuski v Saeli*, 44 NY2d 442, 448-449 [1978]). "It is therefore fundamental to the application of equitable estoppel for plaintiffs to establish that subsequent and specific actions by defendants somehow kept them from timely bringing suit" (*Zumpano v Quinn*, 6 NY3d 666, 674 [2006] [citation omitted]; *see Cellupica v Bruce*, 48 AD3d 1020, 1021 [2008]). Further, the party seeking the application of equitable estoppel must demonstrate a lack of knowledge of the true facts (*see Rancich v Cortland Co-Op. Ins. Co.*, 204 AD2d 839, 840 [1994]; *Won's Cards v Samsondale/ Haverstraw Equities*, 165 AD2d 157, 164 [1991]; *Matter of Walls v Levin*, 150 AD2d 873, 874 [1989]).

Plaintiffs admit that they were fully aware as of "late 1999" that the deed omitted a life estate in their favor, and thus had knowledge of all of the relevant facts long before the expiration of the statute of limitations. Moreover, there is no evidence of any affirmative wrongdoing by Dougherty that caused plaintiffs to delay in bringing the action. Plaintiffs' allegations, which we must accept as true on this motion to dismiss (*see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *DeAngelis v Timberpeg E., Inc.*, 51 AD3d 1175, 1176 [2008]), to the effect that Dougherty was aware of the error in the deed yet took no action to challenge or disturb their continued occupancy of the farmhouse are not enough to create an estoppel. Mere silence, in the absence of a duty to speak, is insufficient to estop a party from raising a defense (*see Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 491 [2007]; *Gearty v Mayor of City of N.Y.*, 171 NY 61, 72 [1902]; *Cape Vincent Milk Producers Coop., Inc. v St. Lawrence Food Corp.*, 43 AD3d 606, 608 [2007]). In any event, any reliance by plaintiffs upon Dougherty's inaction cannot be considered reasonable in light of his refusal to sign the memorandum correcting the deed (*see Zumpano v Quinn*, 6 NY3d at 674; *Davis v Sabella*, 48 AD3d 932, 933-934 [2008]). Having failed to establish the essential elements for the invocation of this equitable relief, plaintiffs' complaint was properly dismissed. We further note that, because plaintiffs have not demonstrated how further discovery might reveal facts that would salvage their claim, dismissal of the complaint was not premature (*see Halsey v County of Madison*, 215 AD2d 824, 824-825 [1995]; *Hoheb v Pathology Assoc. of Albany*, 146 AD2d 919, 921 [1989]; *see also Putter v North Shore Univ. Hosp.*, 7 NY3d at 554).

In light of our determination, plaintiffs' remaining contentions have been rendered academic.

Spain, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the order is affirmed, with one bill of costs.