DMPM PROPERTY MANAGEMENT, LLC, Appellant, v JAMES B. MASTROIANNI et al., Respondents. [918 NYS2d 243]—

Malone Jr., J.

The parties own adjacent parcels of real property in the Town of Glenville, Schenectady County, and assert competing claims of title to a paper street designated as "Corry Street" on a map filed with the Schenectady County Clerk on September 30, 1926 by Katharine Galbraith, the parties' common grantor. In 1993, defendants acquired title to lot 4, the northern border of which abuts Corry Street, to which they also purportedly took title.

---

Since their purchase, defendants have operated a sports complex and recreation center on lot 4 and have used Corry Street as the means of access and a parking lot for the complex. In 2007, plaintiff acquired title from Guilio Palma to lots 1, 2 and 3, the southerly borders of which all abut Corry Street.* Two years later, Daniel Maggs—the husband of plaintiff's owner—purportedly received title to Corry Street from Raymond Piortrowski and immediately purported to transfer title to plaintiff.

Plaintiff then commenced this action to quiet title to Corry Street. After a protracted discovery dispute, plaintiff moved for, among other things, an order prohibiting defendants from supporting their affirmative defense of adverse possession with evidence that it claimed should have been disclosed by defendants during discovery but was, instead, willfully withheld. Defendants, in turn, moved for summary judgment dismissing the complaint, alleging that, regardless of the state of plaintiff's title to Corry Street, they had established title to Corry Street through adverse possession. Disagreeing with plaintiff that summary judgment was premature, Supreme Court granted defendants' motion and dismissed the complaint, and denied plaintiff's motion as moot. Plaintiff appeals.

Initially we are not persuaded by plaintiff's contention that defendants' summary judgment motion was premature, considering that it offered nothing more than speculation that further discovery would yield material and relevant evidence sufficient to defeat the motion (see 2 N. St. Corp. v Getty Saugerties Corp., 68 AD3d 1392, 1395-1396 [2009], lv denied 14 NY3d 706 [2010]; Zinter Handling, Inc. v Britton, 46 AD3d 998, 1001 [2007]). Turning to the merits, we find that defendants satisfied their initial burden as proponents of summary judgment by presenting ample evidence that, since 1993, their possession of Corry Street was open, notorious, exclusive, continuous and under a claim of right (see RPAPL 501; Ray v Beacon Hudson Mtn. Corp., 88 NY2d 154, 159 [1996]; McMahon v Thornton, 69 AD3d 1157, 1159 [2010]). Specifically, the record reflects that, for 17 years, defendants exclusively occupied the disputed property and have undertaken acts consistent with ownership, including the payment of taxes, landscaping and maintenance, and have openly used the property as a place of ingress, egress and parking for the sports complex. Thus, the burden shifted to plaintiff to produce sufficient admissible evidence to establish the existence of

---

* Guilio Palma, who had owned his parcels since 1970, previously unsuccessfully sued defendants, claiming that he had either a prescriptive or an implied easement over Corry Street (Palma v Mastroianni, 276 AD2d 894 [2000]).

disputed material facts (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), which it failed to do. Although plaintiff presented evidence that defendants' chain of title to Corry Street may be imperfect, it presented no evidence to defeat defendants' claim of title premised on adverse possession. Accordingly, Supreme Court appropriately granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff's remaining contentions have been considered and found to be unavailing.

Mercure, J.P., Rose, Lahtinen and Stein, JJ., concur. Ordered that the order is affirmed, with costs.