██ Michael A. Mastropietro et al., Appellants, v Louie Lecce et al., Respondents, et al., Defendant. [953 NYS2d 349]—

Egan Jr., J. Appeal from an order and judgment of the Supreme Court (Kramer, J.), entered May 19, 2011 in Schenectady County, which, among other things, granted certain defendants' cross motion for summary judgment dismissing the complaint against them.

In 1986, plaintiffs acquired title to real property totaling 16.74 acres and known as Seneca Manor in the Town of Niskayuna, Schenectady County. The following year, plaintiffs agreed to sell a portion of Seneca Manor (representing approximately 10 acres) to defendant Rose Marie Rossi. Although the underlying contract contained only a vague description of the lands to be conveyed and/or retained by plaintiffs, the accompanying subdivision map, which was expressly referenced in the sale contract, indicated that plaintiffs were to retain a 4.637-acre parcel, as well as a 987-square-foot parcel of land (hereinafter the disputed parcel). However, the 1988 warranty deed transferring the property to Rossi failed to, insofar as is relevant here, except the disputed parcel from the conveyance.

In June 2008, defendant Beacon Realty Management, LLC purchased property that adjoins the disputed parcel. Believing

plaintiffs to be the owners of that parcel, defendant Louie Lecce (then the sole member of Beacon Realty) inquired as to whether plaintiffs would be interested in selling. During the course of negotiations, and as the result of a title search, Lecce discovered that Rossi actually owned the disputed parcel and advised plaintiffs' counsel accordingly. Lecce, who apparently had some history with Rossi, then arranged for defendant Keith Enos to gauge Rossi's interest in selling. Ultimately, Rossi conveyed the disputed parcel to Enos by warranty deed in October 2010 and Enos, in turn, immediately conveyed that parcel to Lecce.

In March 2011, plaintiffs commenced this action pursuant to RPAPL article 15 seeking, among other things, reformation of the 1988 deed. Lecce, Beacon Realty and Enos (hereinafter collectively referred to as defendants) answered,[1] plaintiffs moved for summary judgment and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court, among other things, granted defendants' cross motion and dismissed the complaint against them, prompting this appeal.

We affirm. "An action to reform a deed based upon a mistake must generally be commenced within six years after the mistake is committed" (*Green Harbour Homeowners' Assn., Inc. v Ermiger*, 50 AD3d 1199, 1200 [2008]; see CPLR 213 [6]; *Pulver v Dougherty*, 58 AD3d 978, 979 [2009]; *Vollbrecht v Jacobson*, 40 AD3d 1243, 1245 [2007])—except "as to [those] who [are] in possession of real property under an instrument of title, [in which case] the statute [of limitations] never begins to run against [their] right to reform that instrument until [they have] notice of a claim adverse to [them] under the instrument, or until [their] possession is otherwise disturbed" (*Green Harbour Homeowners' Assn., Inc. v Ermiger*, 50 AD3d at 1200 [internal quotation marks and citation omitted]).

Plaintiffs commenced this action in 2011—23 years after the partial conveyance of Seneca Manor to Rossi and far beyond the applicable six-year statute of limitations. As to the asserted exception, plaintiffs clearly did not possess the lot "under the instrument of title sought to be reformed" (*Pulver v Dougherty*, 58 AD3d at 979), and there is nothing in the record to suggest that they were in physical possession of the disputed parcel or otherwise "posted, fenced, maintained or improved the [parcel] in any way" (*Green Harbour Homeowners' Assn., Inc. v Ermiger*, 50 AD3d at 1200; cf. *DMPM Prop. Mgt., LLC v Mastroianni*, 82 AD3d 1332, 1333 [2011]; *2 N. St. Corp. v Getty Saugerties Corp.*, 68 AD3d 1392, 1393-1394 [2009], lv denied 14 NY3d 706 [2010];

---

1. Rossi failed to appear in this action.

*Shawangunk Conservancy v Fink*, 261 AD2d 692, 695 [1999]). Further, although plaintiffs admittedly paid what Supreme Court characterized as a "minuscule amount of taxes" on the disputed parcel, this limited "indicia of possession . . . is insufficient to invoke the exception so as to toll the statute of limitations" (*Green Harbour Homeowners' Assn., Inc. v Ermiger*, 50 AD3d at 1200). Accordingly, Supreme Court properly concluded that plaintiffs' reformation claim was time-barred.

Further, inasmuch as plaintiffs failed to allege or establish any other basis for title to the disputed parcel, their remaining causes of action for fraud, trespass and nuisance were properly dismissed as academic.[2] Plaintiffs' various procedural arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J.P., Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the order and judgment is affirmed, with costs.

---

**2.** To the extent that plaintiffs suggest that Lecce misled Rossi by arranging for Enos to negotiate the purchase of the disputed parcel from her in 2010, any "deception" in this regard in no way implicated plaintiffs' execution of the deed to Rossi in 1988.