■ NATIONSTAR MORTGAGE, LLC, Appellant, v ERNEST HILPERTSHAUSER III et al., Defendants, and DANIELLE M. HILPERTSHAUSER, Respondent. [66 NYS3d 687]—

Devine, J. Appeal from an order of the Supreme Court (R. Sise, J.), entered October 17, 2016 in Saratoga County, which, among other things, granted defendant Danielle M. Hilpertshauser's cross motion for summary judgment dismissing the complaint against her.

Defendants Ernest Hilpertshauser III (hereinafter Hilpertshauser) and Danielle M. Hilpertshauser (hereinafter defendant) own, as tenants by the entirety, three adjacent parcels of real property in the Town of Moreau, Saratoga County. Two of the parcels were conveyed in 1991 and the third in 2005. A mortgage executed by Hilpertshauser and defendant on January 10, 2007 includes a "description of the property" clause providing nothing beyond a street address that is associated with all of the parcels. A tax map number written on the jurat page of the mortgage is likewise associated with each parcel, but Exhibit A annexed to the mortgage and presumably intended to be the legal description of the mortgaged premises describes the parcel conveyed in 2005 and nothing else.

Plaintiff subsequently became the holder of the mortgage and, in 2015, commenced this action against defendant, Hilpertshauser and others, alleging that a mutual mistake had been made as to the property description in the mortgage and seeking either reformation of the mortgage to contain a legal description of all three parcels or a declaration that they are burdened by an equitable lien. Defendant served an answer raising several affirmative defenses, including the statute of limitations, and Hilpertshauser failed to appear. Plaintiff then moved for, among other things, a default judgment against Hilpertshauser and severance of the claims against defendant. Defendant, in turn, cross-moved for summary judgment dismissing the complaint as barred by the statute of limitations. Supreme Court agreed with defendant that the claims were time-barred, granted the cross motion and declined to grant a default judgment. Plaintiff appeals, and we now affirm.

"Reformation based upon a purported mistake is governed by a six-year statute of limitations that is generally measured from the occurrence of the mistake" (*Wilshire Credit Corp. v Ghostlaw*, 300 AD2d 971, 973 [2002]; *see* CPLR 213 [6]; *Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 547 [1995]; *Pulver v Dougherty*, 58 AD3d 978, 979 [2009]). Contrary to plaintiff's representation (*see e.g. Matter of SCM Corp. [Fisher Park Lane Co.]*, 40 NY2d 788, 791 [1976]), "the same period applies to [its] cause of action seeking an equitable mortgage" (*US Bank N.A. v Gestetner*, 103 AD3d 962, 963 [2013]; *see* CPLR 213 [1]). The statute of limitations will not begin to run upon the mistake for those "in possession of real property under an instrument of title," but plaintiff does not allege that it has ever been in possession of the mortgaged property and does not benefit from that exception (*Hart v Blabey*, 287 NY 257, 262-263 [1942]; *see Mastropietro v Lecce*, 100 AD3d 1064, 1065-1066 [2012]; *cf. Fucile v L.C.R. Dev., Ltd.*, 102 AD3d 915, 918 [2013] [lease reformation cause of action by tenants accrued when lease assumed by them]). The alleged mistake occurred no later than the execution of the mortgage in 2007 and, therefore, this 2015 action was appropriately dismissed against defendant as time-barred.

Turning to Supreme Court's refusal to grant a default judgment against Hilpertshauser, a defaulting defendant is "deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]; *see Matter of Dyno v Rose*, 260 AD2d 694, 697 [1999], *appeal dismissed* 93 NY2d 998 [1999], *lv denied* 94 NY2d 753 [1999]). Nevertheless, if those factual allegations do not state a valid cause of action, "the party moving for judgment is not entitled to the requested relief, even on default" (*Green v Dolphy Constr. Co.*, 187 AD2d 635, 636 [1992]; *see Walley v Leatherstocking Healthcare, LLC*, 79 AD3d 1236, 1238 [2010]). Plaintiff's verified complaint baldly states that a mutual mistake had occurred when the mortgage was executed. The complaint does not, however, make any allegations that a mortgage burdening all three parcels "was really agreed upon between the parties" so as to warrant either reforming the existing mortgage to that effect or imposing an equitable lien (*Tompkins Fin. Corp. v John M. Floyd & Assoc., Inc.*, 144 AD3d 1252, 1256 [2016] [internal quotation marks and citations omitted]; *see Kain Dev., LLC v Krause Props., LLC*, 130 AD3d 1229, 1233 [2015]). Thus, as plaintiff failed to establish a prima facie case, Supreme Court was right to decline its request for a default judgment (*see Aprea v New York State Bd. of Elections*,

103 AD3d 1059, 1061 [2013]; *Walley v Leatherstocking Health-care, LLC*, 79 AD3d at 1238).

Nothing in the foregoing should be read as an opinion as to the ultimate issue of what parcels are actually burdened by the mortgage. Plaintiff's remaining contentions, to the extent that they are properly before us, have been examined and lack merit.

Peters, P.J., Garry, Clark and Aarons, JJ., concur. Ordered that the order is affirmed, with costs.